RICHARDS *vs.* VANNER, adm'r.

1. A covenant dated as at an impossible time, may be submitted to a jury, without proof that it was dated by mistake, notwithstanding an averment in the declaration, of the fact of mistake—no plea being filed, putting in issue the execution of the instrument.

2. That a replication and issue, are filed in short, by consent, will not authorise a Court to charge a jury against finding in favor of a defendant, if they believe either of his pleas, (on which issue is joined,) to be true.

On error to the Circuit Court of Tuskaloosa.

This action was covenant by Vanner, upon an agreement for the hire of slaves, executed between the plaintiff in error, and the defendant's intestate. The covenant bore an impossible date, being the "31st February, 1821," and was declared on under four counts, in all of which, it was averred, that the paper had been so dated by mistake. In the first and third counts, the agreement was laid as having been, in fact, executed on the 31st January, 1821; and in the second and fourth, as executed on the 1st February, 1821. The Court below suffered the instrument declared on, to be read to the jury, without proof that it was dated by mistake; and without evidence that it had in fact been made on either of the days laid in the declaration. After several pleas of the defendant had been demurred to, and the demurrer overruled, the plaintiff had permission of the Court to withdraw his demurrer, and reply; which, by mutual consent, was done in short, and issue joined.

The Court was requested to charge the jury, that

if they found either of the pleas of the defendant true, they should find for him—but the Court charged, that the replications and issue being in short, the issue was not formal; and that therefore the equity and justice of the case was to be adjudicated.

To this charge, and to the permission given to the plaintiff, to read the covenant, in evidence, without proof of the averments respecting its date, the defendant (judgment being rendered against him) excepted; and removed the cause into this Court.

*Stewart*, for the plaintiff in error—*Crabb, contra.*

LIPSCOMB, C. J.—This was an action brought by the present defendant in error, against the plaintiff in error, in the Circuit Court of Tuskaloosa county, on the following instrument in writing, under seal : "Articles of agreement made and entered into this *31st day of February*, 1821, between John Vanner of the one part, and John D. Richards of the other, both of the State of Alabama, and county of Tuskaloosa, to wit—the said John Vanner doth agree with and hire to the said Richards, two negro slaves, namely, John and David, for the services of which the said Richards doth bind himself, by these presents, to give the said Vanner twelve dollars each, per month; and, in addition thereto, one summer suit of cloths ; which payment is to be made to the said Vanner, quarterly, for the time of their services : it is understood, that the negroes is to serve said Richards for the term of nine months—as witness my hand and seal, this as above.

(Signed) JOHN D. RICHARDS, [seal]"

Is. & p. 9

On which covenant a credit of fifty dollars appears to be indorsed.

The declaration contains four counts, in all of which, it is alleged, that the covenant was dated 31st February, by mistake. In the first and third counts, it is declared on as made, in fact, on the 31st January. In the second and fourth, it is laid as made, in fact, on the 1st February. The declaration treats the covenant as one of dependent conditions; and avers performance, on the part of the plaintiff.

The defendant plead several pleas in bar; some of them were ruled to be bad on demurrer, and an amendment was allowed. Issue was at last joined on five pleas. The two first was performance, on the part of the plaintiff, to wit: the first, payment of the stipulated sum of money, and the cloths, pursuing the terms of the covenant. The second, performance generally. The third plea was, that the plaintiff's intestate had broken the covenant, and had taken the negroes hired, out of the possession of the defendant, before the expiration of the nine months, and would not permit the defendant to have their services. The fourth plea was in general terms, that the plaintiff's intestate had not kept and performed his covenant. The fifth plea, is a former recovery before a justice of the peace, in favor of the intestate, against the defendant, of twenty-five dollars and fifty-five cents, in full satisfaction of the covenant.

The three last pleas were demurred to by the plaintiff; but held good, on demurrer, and the plaintiff had leave to withdraw his demurrer and reply; which was done, in short, signed by the attorneys on both sides.

Several points were taken and discussed by the plaintiff in error, growing out of a bill of exceptions, taken on the trial, in the Court below.

The defendant objected to the reading the covenant, in evidence, until the plaintiff had proven, that it was executed on one of the days laid in the declaration. This objection was overruled by the Court, and the covenant was permitted to be read in evidence.

The date of the covenant could not be material to a recovery, unless its date was assumed as the time when the hiring of the slaves commenced; but this could have been proven *aliunde*. The defendant contended, that as the mistake in the date was averred, it was incumbent on the plaintiff to prove the truth of his averment. The date was only a circumstance of description of the covenant, and not at all material to its validity; and the allegation of the mistake, was only by way of a more accurate description, to enable the defendant fully to comprehend the grounds of the action against him. There was no plea that put in issue the execution of the instrument. The Court below did not err in overruling this objection.

The Court below was further requested to instruct the jury, " that if they found either of the pleas of the defendant, which was before them and on which issue was joined, to be true, then they must find for the defendant." On this the Court instructed the jury, " that the replications and issue being in short, the issue was not formal, but was informal, and otherwise irregular; and that, in the opinion of the Court, the equity and justice of the case was before them, and that they could find accordingly."

In refusing to give the charge prayed, and in the

charge that was given, the Court below, is believed, by this Court, to have erred.

The informality of not drawing out the replications in *extenso*, did not, it is believed, change the duty, the jury had been called on to perform; and the gist of this duty, was the truth of the pleas, plead in bar, by the defendant. If one of them should be found true, it was a bar to a recovery. In that stage of the case, neither the Court nor the jury, could enquire whether the pleas were well plead or not; their sufficiency, as a bar, had been previously tried, at a former term of the Court—and held to be good.

The charge of the judge is believed to have been too broad, and to have authorised the jury to travel out of the issues presented for their determination. The judgment must therefore be reversed, and the cause remanded.

SAFFOLD, J., not sitting.